UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUPER FOOD SERVICES, INC.,

               Plaintiff,

vs.

SARANAC FAMILY MARKET, INC.,
*et al.*,

               Defendants.

_____/

Case No. 5:06-CV-34

Hon. Hugh W. Brenneman, Jr.

## OPINION

      This matter is now before the court on plaintiff's motion for summary judgment as to defendants David K. Biggs and Sharon Biggs (collectively referred to as the "Biggs defendants") (docket no. 22).   For the reasons stated below, plaintiff's motion will be granted.

### I.      Background

      Plaintiff Super Food Services, Inc. ("Super Food"), a grocery wholesaler, claims that defendant Saranac Family Market, Inc. ("Saranac Family Market"), a retail grocery store in Saranac, Michigan, failed to pay Super Food for items purchased on open account, in the amount of $248,817.86.  Comp. at ¶ 1.  Saranac Family Market's account originally was with Roundy's, Inc., and was purchased by Nash Finch Company in 2005, and subsequently assigned to Nash Finch's wholly-owned subsidiary, Super Food.  Affidavit of Kathleen M. Mahony, Senior Vice President, General Counsel and Secretary of Nash Finsch Company, dated May 9, 2007 at ¶ 2.  Super Food was also assignee of a security agreement entered into between Saranac Family Market and Roundy's.  *Id.* at ¶ ¶ 11, 12, 26, 27.

Defendants David K. Biggs, Sharon Biggs and Mark J. Shafer (sometimes referred to as the "guarantors"), agreed to jointly and severally guarantee the payment and performance of Saranac Family Market's obligations as defined in the security agreement. Compl. at ¶ 19. The guarantors also entered into a "Guaranty of payment and performance" (the "guaranty agreement") in favor of Roundy's, Inc., dated August 31, 2001. *Id.* at ¶ 21. Relying on the security and guaranty agreements, Super Food continued to sell products to Saranac Family Market on an open account. *Id.* at ¶ 28. Saranac Family Market failed to pay the amounts due as set forth on its regular account statements from Roundy's and Super Food. *Id.* at ¶¶ 30, 31, 32, 33. On September 8, 2005, Super Food's parent company, Nash Finch, sent Saranac Family Market a Statement of Open Account showing a balance of $268,418.94. *Id.* at ¶ 32. Despite Super Food's demands, Saranac Family Market and the guarantors failed to pay the outstanding obligations owed to Super Food, in breach of its agreement. *Id.* at ¶¶ 35, 36. (The amount was subsequently reduced to $248,817.86 after the account was credited for liquidated inventory. Mahoney affidavit, ¶ 5.)

Super Food's complaint contains four counts. Count I alleges that Saranac Family Market owes $248,817.86 on an open account pursuant to an affidavit filed in accordance with MCL § 600.2145[1] (Open Account). Count II alleges that Saranac Family Market owes $248,817.86

---

[1] MCL § 600.2145 provides in pertinent part as follows:

In all actions brought in any of the courts of this state, to recover the amount due on an open account or upon an account stated, if the plaintiff or someone in his behalf makes an affidavit of the amount due, as near as he can estimate the same, over and above all legal counterclaims and annexes thereto a copy of said account, and cause a copy of said affidavit and account to be served upon the defendant, with a copy of the complaint filed in the cause or with the process by which such action is commenced, such affidavit shall be deemed prima facie evidence of such indebtedness, unless the defendant with his answer, by himself or agent, makes an affidavit and serves a copy thereof on the plaintiff or his attorney, denying the same. . . .

on an open account pursuant to an affidavit filed in accordance with MCL § 600.2145 (Account Stated). Count III alleges that Super Food is entitled to collateral from Saranac Family Market pursuant to the terms of the security agreement (Claim and Delivery).  Count IV alleges that the guarantors breached the guaranty agreement by failing to pay Super Food the amount owed by Saranac Family Market (Breach of Guaranty Agreement).

On June 29, 2006, Super Food obtained a default judgment against Saranac Family Market and guarantor Mark J. Shafer in the amount of  $248,817.86.  *See* docket no. 13.  The remaining claims are against the Biggs defendants for breach of the guaranty agreement.  This matter is now before the court on Super Food's motion for summary judgment against those two remaining defendants. Defendants have chosen not to contest the motion.  Letter of defendants' counsel dated April 23, 2007, attached as Exhibit 1 to Plaintiff's Reply Brief.

### III.    Legal standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case.  Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted).  "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

The Biggs defendants do not oppose Super Food's motion.  When a motion for summary judgment is unopposed, the court must determine whether the facts, as presented by the movant, require a determination that the movant is entitled to judgment as a matter of law. *Cacevic v. City of Hazel Park*, 226 F.3d 483, 491 (6th Cir. 2000).  The court may rely on the facts presented by the movant, but must do so "intelligently and carefully." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-07 (6th Cir. 1992).  However, the court is not required to conduct its own "probing investigation of the record" or to act as an advocate for the non-moving party.  *Id.*

## IV.    Discussion

After performing a thorough review of the facts as set forth in the pleadings and the affidavit and exhibits filed in support of the motion, the court finds that Super Food is entitled to summary judgment against the Biggs defendants for breach of the guaranty agreement.

Under Michigan law, the general rules of contract construction apply to guaranty agreements. *See First National Bank of Ypsilanti v. Redford Chevrolet Co.*, 270 Mich. 116, 121; 258 NW 221 (1935).  "'In construing a contract of guaranty the intention of the parties should govern. Where the language of the writing is not ambiguous the construction is a question of law for the court, on a consideration of the entire instrument.'"  *Id.*, quoting *Griffin Manufacturing Co. v. Mitshkun*, 233 Mich. 640, 642; 207 NW 814 (1926).

As an initial matter, the Biggs defendants do not dispute the validity of the guaranty agreement. *See* guaranty agreement, attached to Super Food's Brief as Exh. B.  Under the guaranty

4

agreement, the Biggs defendants agreed "to guarantee the Obligations" of Saranac Family Market (sometimes referred to as "Customer"). *Id.* The term "obligations" includes "amounts owing for the purchase price of inventory or equipment" and "freight and delivery charges." *Id.* at ¶ 1(b)(iii)-(iv).

The guaranty agreement further provides as follows:

2.  <u>Guaranty of Payment.</u>  Guarantors herein unconditionally guarantee prompt payment in full of the Obligations, and unconditionally guarantee to Roundy's the full amount of the Obligations. This is a guaranty of payment, not of collection. If Customer defaults in the payment when due of the Obligations or any part of them, Guarantors shall in lawful money of the United States pay to Roundy's or order, on demand, all sums due and owing on the Obligations, including all interest, charges, fees and other sums, costs and expenses.

3.  <u>Guaranty of Performance.</u>  Guarantors herein unconditionally guarantee the full and faithful performance by Customer of all of the Obligations.

*       *       *

9.  <u>Judgment Against Customer</u>.  Guarantors agree that any judgment rendered against Customer for monies due Roundy's shall in every and all respects bind and be conclusive against Guarantors as if Guarantors had appeared in any such proceedings and judgment therein had been rendered against Guarantors.

*       *       *

13.(d)  <u>Governing Law.</u>  The laws of the State of Michigan shall govern the validity, construction, performance and effect of this Guaranty. . .

13.(e)  <u>Attorneys' Fees</u>.  In the event any action is commenced by Roundy's against one or both Guarantors in connection herewith, or in the event of any other proceeding with respect to, or affecting, this Guaranty or the Customer Documents, including, but not limited to, bankruptcy proceeding, Roundy's shall be entitled to its costs and expenses, including attorneys' fees.

5

Guaranty Agreement at ¶¶ 2, 3, 9, 13(d), 13(e).

The record reflects that Roundy's sold and assigned its interest in the guaranty agreement to Nash Finch Company. *See* "Asset Purchase Agreement between Roundy's, Inc. and Nash Finch Company" dated February 24, 2005 attached to Super Food's Brief as Exh. C. The sale included an "assumed contract" with "Customer No. 861," identified as Saranac Family Market. *See* Disclosure Schedule attached to Super Food's Brief as Exh. D. Nash Finch Company assigned the Saranac Family Market contract and other assets to Super Food. *See* Exh. D and "Super Food Services, Inc. Assignment and Assumption Agreement" attached to Super Food's Brief as Exh. E. Mahoney stated in her affidavit that Super Food is the wholly-owned subsidiary of parent Nash Finch Company. Mahoney affidavit at ¶¶ 1-2. The Biggs defendants do not dispute that Super Food is the current assignee of the guaranty agreement.

As of September 1, 2005, Saranac Family Market's open account with Super Food amounted to $268,418.94. *See* open account attached to Super Food's Brief as Exh. F. As previously discussed, Super Food obtained a default judgment against Saranac Family Market and Mark J. Shafer in the amount of $248,817.86. The default judgment represented the amount owed on Saranac Family Market's open account, and reflected an adjustment crediting the open account for Saranac Family Market's liquidated inventory. Mahoney Affidavit at ¶¶ 4-6. In her affidavit, Ms. Mahoney states that "[a] demand for prompt and full payment was made against Guarantors" but they did not pay the default judgment entered against Saranac Family Market. *Id.* at ¶¶ 6-8. Ms. Mahoney further states that the attorneys' fees and costs associated with this matter as of March 15, 2007 were $22,383.73. *Id.* at ¶ 10. The Biggs defendants do not dispute either the amount of the default judgment or the amount of the attorneys' fees and costs.

6

Super Food has established a factual basis for summary judgment against the Biggs defendants for breach of the guaranty agreement in the amount of $271,201.59, consisting of the default judgment on the open account of $248,817.86 and attorneys' fees and costs in the amount of $22,383.73.

### IV.  Conclusion

Super Food's motion for summary judgment as to defendants David K. Biggs and Sharon Biggs (docket no. 22) will be **GRANTED** in the amount of $271,201.59.  A judgment consistent with this opinion shall be issued forthwith.


Dated:  October 11, 2007                    /s/ Hugh W. Brenneman, Jr.
                                            HUGH W. BRENNEMAN, JR.
                                            United States Magistrate Judge